IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONNETTA TOSTON,<br>    Plaintiff, | )<br>) |
| vs. | )   No. 3:21-CV-1654-M-BH<br>) |
| BOTTLING GROUP LLC d/b/a PEPSI<br>BEVERAGES COMPANY,<br>    Defendant. | )<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

## ORDER OF TRANSFER

Donnetta Toston (Plaintiff) sues Bottling Group LLC d/b/a Pepsi Beverages Company, which is headquartered in Plano, Collin County, Texas, for alleged race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII).  (*See* doc. 3.)  Title VII has a special venue provision which states that:

> an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).  The express reference to §§ 1404 and 1406 makes clear that those provisions also apply to Title VII cases.  *In re Horseshoe Entertainment*, 337 F.3d 429, 432–33 (5th Cir. 2003).

Here, because it is located in the state in which the unlawful employment practice is alleged to have occurred, venue properly lies in the Northern District of Texas.  However, the

---

[1] By *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management.

defendant is headquartered in Plano, Collin County, Texas, which is located within the territorial confines of the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). The alleged conduct upon which Plaintiff bases her claims also occurred in Plano, Texas. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). Because both the defendant and the events upon which Plaintiff's claims are based occurred in the Eastern District of Texas, the interests of justice support transferring this action to that forum.

Plaintiff's complaint is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Sherman Division.[2]

**SO ORDERED on this 20th day of July, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] *Amended Miscellaneous Order No. 6* provides authority to transfer actions brought by *pro se* litigants to the proper or more appropriate district or division.